**FILED**

OCT - 2 2007



CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

)
Melissa Voss,                )        07-4143
          Plaintiff    )
)        **COMPLAINT**
vs.                          )        **AND**
)        **DEMAND FOR JURY TRIAL**
State Farm Fire and Casualty Company,  )
)
          Defendant    )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff for her cause of action against Defendant states and alleges as follows:

## JURISDICTIONAL AVERMENTS

1.    Plaintiff, Melissa Voss (hereafter called Plaintiff Voss), was at the times material hereto a resident of Hanson County, South Dakota.

2.    Defendant is incorporated in the State of Illinois, and has its principal office in the state of Illinois.

3.    The amount in controversy in this case exceeds $75,000.00.

4.    The substantial part of the events giving rise to Plaintiff's claim occurred within the jurisdictional area of the Southern Division of South Dakota; i.e. Hanson County, South Dakota.

5.    Federal jurisdiction is proper in this case pursuant to 28 USC 1332.

6.    Venue in the Southern Division of South Dakota of the Federal District Court is proper pursuant to 28 USC 1391(a)(2).

## GENERAL AVERMENTS

7.      Defendant is an insurance company doing business in the state of South Dakota.  Among Defendant's insurance product offerings to the public is the renter's insurance policy (hereafter called the "Policy") in the form attached hereto as **Exhibit 1**, the same being incorporated herein by reference.

8.      On or about the date of April 1, 2006, Plaintiff Voss, through Defendant's insurance agent in Mitchell, South Dakota, namely Stangeland State Farm Insurance Agency, made application for renter's insurance coverage with coverage limits of $150,000.00 for personal property loss according to the terms of the Policy.  The application for such insurance is attached hereto as **Exhibit 2-A** and **Exhibit 2-B**, the same being incorporated herein by reference.  All markings and annotations upon said insurance application were placed thereon by the insurance agent who took the application for such insurance at the Stangeland State Farm Insurance Agency in Mitchell, South Dakota.

9.      Upon payment of premium as demanded and required by the representative of Stangeland State Farm Insurance Agency, the Policy in the form of **Exhibit 1** was issued to Plaintiff Voss with the coverage limits being in conformance with binder receipt attached hereto as **Exhibit 3**, with the casualty loss on personal property coverage limit being the sum of $150,000.00.

10.     The Policy was in effect on the date of August 28, 2006.

11.     On the date of August 28, 2006, the residence where Plaintiff was residing as a tenant and renter, and her personal property which is the subject of her claim against the Defendant was stored or contained, was destroyed by fire.  The cause of the fire is not in any way, either directly or indirectly attributable any act of the Plaintiff.

12.     The personal property of Plaintiff within the said residence, as well as property of her co-habitant to which coverage under the Policy extended was damaged and/or destroyed by the fire.

13.     Subsequent to the date of the fire, and in conformance with the provisions of the Policy, Plaintiff Voss notified Defendant of the fire and loss.  In conformance with the specific instructions of the loss claim representative(s) of Defendant, Plaintiff prepared and timely submitted to Defendant an itemized list of lost or damaged property and the values thereof (hereafter called Proof of Loss), with the claimed loss of property covered by the Policy being the sum of $150,862.39.

14.     Defendant has denied the Plaintiff's claim of loss and has refused to pay the claim according to the terms of the Policy and the Proof of Loss.

## COUNT ONE - BREACH OF CONTRACT

15.     Plaintiff incorporates herein by reference PARAGRAPH 1 THROUGH 14 of this Complaint as if fully set forth herein.

16.     Defendant breached its contract of insurance with Plaintiff Voss by failing to honor the terms of the insurance contract, i.e. the Policy.

17.     As a direct and proximate result of that breach, Plaintiff  has suffered damages.

## COUNT TWO - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

18.     Plaintiff incorporates by this reference PARAGRAPHS 1 THROUGH 17 of this Complaint as if fully set forth herein.

19.     Defendant owed Plaintiff Voss a duty of good faith and fair dealing.

20.     Defendant's failure to pay to Plaintiff the loss claimed under the Proof of Loss in conformance with the provisions of the Policy constitutes a breach of Defendant's duty of good faith and fair dealing.

21.     Defendant through its representatives and agents affirmatively acted and conspired for the specific purpose and objective to avoid its obligations under the policy and to deny the claim and refuse to pay the loss in conformance with the Policy and Proof of Loss.

22.     Defendant's failure to abide by the terms of the contract, and by and wrongfully, intentionally and maliciously refusing to honor the terms of the Policy beneficial to Plaintiff constitutes bad faith as a matter of law and fact.

23.     As a direct, proximate and legal result of the conduct of Defendant, Plaintiff has suffered and sustained substantial pecuniary compensable losses, including economic losses, including but not limited to attorney's fees, embarrassment, humiliation, physical, mental and emotional distress and discomfort, all to Plaintiff's detriment and damage.

### COUNT THREE - BAD FAITH

24.     Plaintiff incorporates by reference PARAGRAPHS 1 THROUGH 23 of this Complaint as if fully set forth herein.

25.     Defendant through its agents and representatives affirmatively acted to attempt fabrication of a reason to deny to Plaintiff the benefits rightfully due her under the Policy.

26.     The actions of Defendant through its agents and representatives constitutes bad faith as Defendant had no reasonable basis for denying benefits and Defendant knew and/or has recklessly disregarded the fact this it had no reasonable basis to deny benefits.

### COUNT FOUR - INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiff incorporates by this reference PARAGRAPHS 1 THROUGH 26 of this Complaint as if fully set forth herein.

28.     At all times material hereto, Defendant knew that Plaintiff was relying on Defendant to properly procure for her benefit an insurance policy to protect her personal property against casualty loss, and to pay the benefits under such policy in the event of loss.

29.     At the time of the procurement of the Policy, Plaintiff inquired regarding, expected to, and offered to provide to Defendant's agent Stangeland State Farm Insurance Agency an inventory of her personal property which she sought to insure; but was informed by the representative at such agency that no such list of property was requested or required by the Defendant company as a condition of coverage under the Policy.

30.     Despite the fact of Plaintiff's reliance on Defendant's agent, Defendant has refused to pay Plaintiff the proceeds due under the Policy.

31.     The actions of Defendant are willful, wanton and outrageous and the actions by design affect the infliction of sever emotional distress upon Plaintiff.

32.     As a result of Defendant's actions Plaintiff has suffered mental anguish and stress, all of which has affected Plaintiff's well being and welfare.

## COUNT FIVE - EXEMPLARY DAMAGES

33.     Plaintiff incorporates by reference  PARAGRAPHS 1 THROUGH 44 of this Complaint as if fully set forth herein.

34.     Defendant's acts, which include but are not limited to wrongfully failing to honor the terms of the contract, and the actions of the Defendant towards this Plaintiff were fraudulent, oppressive, malicious, willful, wanton, and in total reckless disregard of the rights of Plaintiff.

35.     Defendant has refused to pay the loss claimed by Plaintiff under the Policy and such refusal is vexatious and without reasonable cause.  Accordingly Plaintiff is entitled to her award of her attorney's fees as costs pursuant to SDCL 58-12-3.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      For compensatory damages (loss of insured value of personal property in fire), including special and general damages as may be proven at trial;

2.      For exemplary damages;

3.      For costs and disbursements, including attorney's fees pursuant to SDCL 58-12-3 or as otherwise may be allowed by law;

4.      For prejudgment interest;

5.      For such other relief as the Court may deem just and proper.

Plaintiff Melissa Voss hereby demands a trial by jury of any issue triable of right by a jury.

DATED this 26th day of August, 2007.

KOCH LAW OFFICE

By:_____
        Carl J. Koch
        200 E. 5th Avenue - PO Box 546
        Mitchell SD 57301
        Phone: (605) 996-6546
        Fax:  (605) 996-6548
        ~ Attorney for Melissa Voss, Plaintiff

STATE OF SOUTH DAKOTA

SS

COUNTY OF DAVISON

Melissa Voss, being first duly sworn upon her oath, deposes and says:

That she is the Plaintiff named in the foregoing Complaint; that she has read the said Complaint and knows the contents thereof and that the same is true of her own knowledge, except as to those matters therein stated on information and belief, and as to those matters, she believes them to be true.

Melissa Voss

Subscribed and sworn to before me this 26th day of August, 2007.

Notary Public - South Dakota
My Commission Expires: 6/17/12

(SEAL)