UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MELISSA VOSS, | \* | CIV. 07-4143 |
| Plaintiff, | \* | |
| vs. | \* | OPINION AND ORDER ON MOTION (Doc. 57) |
| STATE FARM FIRE AND CASUALTY COMPANY, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Voss' Motion to Strike Expert Witness Designation (Doc. 57). She moves to strike Jack Theeler, Stacy Niemann, and Robert Whitmore from State Farm's list of persons designated as expert witnesses. She moves to strike Theeler because no expert report was filed. She moves to strike Whitmore because his report indicates no cause for the fire was determined. As a result, "testimony would be moot, immaterial and non-probative." (Doc. 57, p. 2). Further, since State Farm has advised Voss that Whitmore has no other opinions to offer, Voss moves to strike him as an expert witness for "other opinions" because no report has been filed. As it relates to Niemann, the motion is moot given the previous Order entered by the court (Doc. 60).

State Farm asserts there were expert reports. The reports are attached to Doc. 41 as 41-2, Whitmore, and 41-3, Theeler. They were served on Voss (Doc. 63, p. 1). Whitmore filed two reports, one dated January 12, 2007 and another dated July 30, 2008. The January, 2007, report indicates he could not identify a cause for the fire. The July, 2008, report indicates he expressed the opinion the contents list submitted by Voss for the first floor bedroom is not consistent with the debris remains that he identified in the room at the time of his site inspection. Whitmore is a fire

expert. His opinions about the undetermined cause for the fire and about the inconsistencies between items on Voss' list of contents and the debris he found after the fire are relevant to the denial of Voss' fire insurance claim and to the justification for State Farm's denial of the claim. His report was timely filed in accordance with Rule 26 and the court's Scheduling Order (Doc. 24, ¶ 5).

Theeler is a lawyer who sent an opinion letter dated March 14, 2007, to State Farm about coverage. Theeler's letter was produced to Voss among the Rule 26 initial disclosures. State Farm represents that Theeler's entire involvement, together with the formation and written expression of his opinions, predate commencement of litigation. They assert he is a fact witness, but "in an abundance of caution, it was decided to designate him . . . so that there could be no basis upon which Plaintiff could have his testimony excluded." (Doc. 63, p. 6).

Theeler is a fact witness. He was retained after the fire and before the claim was denied. He was retained to express an opinion to State Farm about coverage. His opinions contained within his March 14, 2007, letter are a part of the facts in this case. His opinion that State Farm was justified to deny coverage for Voss' claim is part of his opinion letter. Advice of counsel is one of State Farm's defenses. Theeler's legal opinions and conclusions about coverage under State Farm's policy are part of the fact pattern about which he can testify at trial. His opinions will be limited to those expressed in his March 14, 2007, letter.

Theeler has not been retained by State Farm to defend this lawsuit. According to plaintiff, Theeler took a long statement from Voss before litigation which has been designated a deposition by agreement of the parties. A lawyer cannot both be a witness at a trial and be a lawyer representing a party at the trial. *SDCL 19-1-3.* This statute does not prevent any attorney who has been involved in a case from testifying as a witness in the case. *In re: Estate of Heibult,* 653 N.W.2d

101, 105 (SD 2002).  Voss complains that State Farm refused to supply photographs to her claiming work product "upon direction of counsel" (Theeler).  That he represented State Farm is not disputed.  He has not represented State Farm in the litigation.  That he represented State Farm before litigation to advise them about coverage does not disqualify him from testifying about the matters in which he was involved for State Farm during his representation of them. *Id.*

The district court is given broad discretion to determine whether proffered testimony would be a waste of time or helpful to the jury. *U.S. v. French*, 12 F.3d 114, 116 (8th Cir. 1994).  "Expert testimony is appropriate when it relates to issues that are beyond the ken of people of ordinary intelligence." *Id.*  An attorney has been permitted to testify about the actions of a defendant insurance company with respect to the conduct of the insurance company. *St. Joseph Hosp.v. INAUnderwriters Ins. Co.*, 117 F.R.D. 19, 20 (D.Me. 1987).  Theeler's testimony about his involvement before litigation, the opinions he expressed to State Farm before litigation, and his reasons for the opinions are relevant and would be helpful to the jury.  His opinions are admissible under Rules 701 or 702.  His opinions, however, should be limited to opinions he formed before March 14, 2007, and as expressed in his March 14, 2007, letter.  The district judge is the jury's source for all matters of law.  There has been no suggestion that Theeler's legal opinions should not be admissible because they were wrong.

It is ORDERED that plaintiff's motion to strike expert witnesses (Doc. 57) is DENIED.

Dated this 23rd day of September, 2008.

BY THE COURT:

s/John E. Simko

John E. Simko
United States Magistrate Judge