UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MELISSA VOSS, | \* | CIV. 07-4143 |
| Plaintiff, | \* | |
| vs. | \* | OPINION AND ORDER ON MOTION (Doc. 55) |
| STATE FARM FIRE AND CASUALTY COMPANY, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Voss' motion to take judicial notice (Doc. 55) of a fact admitted by State Farm in its responses to Voss' Requests for Admission. Voss requests both a preliminary and final instruction to the jury from the court as follows:

> No part of Defendant's denial of Plaintiff's claim relies on Plaintiff being in any way responsible for the fire which is the subject matter of this action.

Voss has not filed a proposed jury instruction.

State Farm urges its admission is not that Voss was not responsible for the fire. State Farm asserts its admission was that the reason for *denying her claim* was not based on her responsibility for the fire. State Farm argues Voss' request is tantamount to telling the jury Voss did not start the fire. State Farm is not willing to concede that point.

"A judicially noticed fact must be one not subject to reasonable dispute. . . ." *Federal Rule of Evidence 201(b)*. A judicially noticed fact must be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* The jury shall be instructed by the court to accept as conclusive judicially noticed facts. *Id.* "A matter admitted . . .is conclusively established unless the court, on motion, permits the admission to be withdrawn or

amended.  *Federal Rule of Civil Procedure 36(b).*

The cause of the fire is a contested issue for the jury to decide.  There is distinction between admitting Voss did not start the fire and admitting that State Farm's denial of her claim against the policy was not based on her having started the fire.  State Farm's justification for denying her claim is the issue for trial.  No one has argued that causation of the fire is not an issue for trial.  Disputed causation of the fire, in any event, is not a matter for judicial notice.

The response to Voss' Request for Admission may be used at trial, but not in the form of an instruction from the court to the jury that Voss did not start the fire.  Responses to requests for admission "may be read to the jury as evidence. . . rather than giving them conclusive effect."  *Rolscreen Co. v. Pella Products of St. Louis, Inc., 64 F.3d 1202, 1209-1210 (8th Cir. 1995).*

It is ORDERED that plaintiff's motion to take judicial notice (Doc. 55) is DENIED.

Dated this 23rd day of September, 2008.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge