UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
NOV 14 2008

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MELISSA VOSS,                      *   CIV. 07-4143
                                   *   MEMORANDUM OPINION
          Plaintiff,               *   AND ORDER GRANTING
                                   *   DEFENDANT'S MOTION FOR
                                   *   PARTIAL SUMMARY JUDGMENT
vs.                                *
                                   *
STATE FARM FIRE AND CASUALTY       *
COMPANY,                           *
                                   *
          Defendant.               *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Defendant State Farm Fire and Casualty Company moved for partial summary judgment seeking dismissal of Counts Two, Three, Four and Five of Plaintiff's Complaint. For the reasons stated on the record at the September 29, 2008, motions hearing, as well as those set forth in this memorandum opinion, the motion for partial summary judgment (Doc. 33) is granted.

## BACKGROUND

Plaintiff, Melissa Voss, rented property in Spencer, South Dakota and insured her personal effects under a Renter's Policy issued by Defendant, State Farm Fire and Casualty Company (State Farm). This Renter's Policy provides that the policy is void if before or after a loss an insured intentionally conceals or misrepresents any material fact or circumstance relating to the insurance. On August 28, 2006, a severe fire loss occurred at the property. The fire originated in the master bedroom and caused extensive fire and heat damage to the master bedroom. The rest of the home sustained heat, smoke and water damage. The State Fire Marshall attributed the cause of the fire to an electrical problem.

On August 29, 2006, a claim representative took photographs to document the property at the fire scene. However, the claim representative never required Plaintiff to secure the premises and the property was unsecured for two months following the fire. The claim representative also went over Personal Property Inventory Forms with Plaintiff, arranged for temporary housing, and issued a $5,000 advance for clothing for Plaintiff and her children. In September and October of 2006 State

Farm continued to compensate Plaintiff for temporary housing and lodging for her dogs.

In mid-October, Plaintiff submitted a Proof of Loss in the amount of $151,000 to State Farm. The renter's policy had a personal property loss coverage of $150,000. The claim was referred to another claim representative with State Farm's Special Investigation Unit in Des Moines in late October of 2006. The claim representative with State Farm's Special Investigation Unit who inspected the insured location, then met with Plaintiff and secured a detailed recorded statement, contends that in his reexamination of the insured location he was unable to find soot patterns, fire debris, or other physical evidence to verify many of the items that were claimed on Plaintiff's inventory. The claim representative with State Farm's Special Investigation Unit also claims there was insufficient storage space to contain many of the items listed in Plaintiff's inventory. Plaintiff disputes this conclusion and has presented evidence that since birth her mother has begun creating collectible items of various classifications, and that at the time of the fire the rental home had been filled with valuable and collectible property which had previously been in storage units in Wisconsin. Prior to the fire, Jennifer Magnuson, who had been a friend of Plaintiff, helped Plaintiff compile a listing of over 1,000 movies on VHS. In addition, the insurance agent through whom Plaintiff obtained the renter's policy recalls Plaintiff stating the she had collections of value and had antiques that she received from her mother.

State Farm contends it was contacted by an anonymous caller who claimed to have overheard Plaintiff say that she had falsified her claim to State Farm. In November of 2006 Plaintiff broke off her relationship with Ron Sweeney, Jr, who at the time of the fire had been living with Plaintiff and was the father of two of her children. Sweeney provided a statement to State Farm which disputed numerous items that have been claimed by Plaintiff on her inventory. Sweeney also claimed to have seen some of the listed items after the fire. Sweeney subsequently signed an affidavit stating he had no personal knowledge that Plaintiff removed any property from the house prior to the fire for the purpose of protecting the same from damage. A man who purchased Sweeney's pickup after the fire identified items in the pickup that appeared to have been listed in Plaintiff's inventory, and a number of these items were not smoke damaged.

A former boyfriend of Plaintiff's friend, Jennifer Magnusen, contacted State Farm and gave a recorded statement that Plaintiff had removed property from the rented home prior to the fire and

2

submitted a claim for this property. Although Jennifer Magnusen gave the same statement, she later retracted the statement and signed an affidavit stating she had been threatened by the former boyfriend and coerced into lying about this matter. During its investigation of Plaintiff's claim, State Farm received financial information regarding Plaintiff showing that Plaintiff had not been employed since January of 2006, had property held in pawn at the time of the fire, had a vehicle being repossessed and numerous past-due accounts at the time of the fire.

State Farm contacted Attorney Jack Theeler to provide his opinion regarding coverage. In Attorney Theeler's March 14, 2007, letter opinion, Attorney Theeler states that State Farm would be justified under South Dakota law in voiding Plaintiff's policy based on intentional concealment and misrepresentation of material facts and circumstances relating to the insurance policy. On March 28, 2007, State Farm denied Plaintiff's claim based on concealment and fraud, and declared the policy void. On April 6, 2007, State Farm issued a check refunding Plaintiff's premium. The refund check was refused by Plaintiff.

Plaintiff then brought this diversity action pleading causes of action for breach of contract (Count One), breach of duty of duty of good faith and fair dealing (Count Two), bad faith (Count Three), intentional or negligent infliction of emotional distress (Count Four), and requesting exemplary damages (Count Five).

## DISCUSSION

Principles of Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. FED. R. CIV. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

3

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. FED. R. C IV . 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c)"mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

I.

## WHETHER STATE FARM IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING CAUSE OF ACTION (Count Two) AND PLAINTIFF'S BAD FAITH CAUSE OF ACTION (Count Three)?

In a claim for breach of the duty of good faith and fair dealing or a claim for bad faith there must be an absence of a reasonable basis for denial of policy benefits or failure to comply with a duty under the insurance contract by the insurer. There must also exist the knowledge or reckless disregard of the lack of a reasonable basis for the denial of benefits. *Julson v. Federated Mut. Ins. Co.*,562 N.W.2d 117, 119 (S.D.1997); *Walz v. Fireman's Fund Ins. Co.*, 556 N.W.2d 68, 70 (S.D. 1996). An insurance company may challenge claims which are fairly debatable. *Champion v. United States Fidelity And Guar. Co.*, 399 N.W.2d 320, 324 (S.D.1987). Plaintiff has failed to present a genuine issue of material fact concerning the absence of State Farm's reasonable basis to deny her claim.

South Dakota law recognizes that an intentional misrepresentation of a loss by an insured may vitiate an insurance policy. *See Auto-Owners Ins. Co. v. Hansen Housing , Inc.*, 604 N.W.2d 504, 514 (S.D. 2000); *Alderman v. New York Underwriters' Ins. Co. Of New York*, 61 S.D. 284, 248 N.W. 261, 267 (1933). Given the physical evidence and witness reports that were disclosed during the investigation, as well as the attorney's letter opinion[1] regarding the matter, there is no question but that State Farm had a reasonable basis to deny Plaintiff's claim. State Farm is entitled to summary

---

[1] While reliance on counsel is the not the sole decisive test of good faith, it is one factor to be considered. *See Crabb v. National Indem. Co.*, 87 S.D. 222, 228, 205 N.W.2d 633, 636 (1973).

4

judgment in its favor on the claims against it for breach of the duty of good faith and fair dealing and for bad faith, and the case will proceed on the breach of contract claim.

II.

## WHETHER STATE FARM IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Count Four)?

To establish a prima facie case for intentional infliction of emotional distress, Plaintiff must establish the following the following elements:

> 1) an act by defendant amounting to extreme and outrageous conduct;
>
> 2) intent on the part of the defendant to cause plaintiff severe emotional distress;
>
> 3) the defendant's conduct was the cause in-fact of plaintiff's distress; [and]
>
> 4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct.

*Stene v. State Farm Mut. Auto. Ins. Co.*, 583 N.W.2d 399, 404 (S.D. 1998). There is no genuine issue of fact as to whether State Farm had a reasonable basis to deny Plaintiff's claim. Plaintiff has therefore failed to present evidence of extreme and outrageous conduct so as to survive the motion for summary judgment on the intentional infliction of emotional distress claim.

Pursuant to South Dakota law, a plaintiff cannot recover damages for negligent infliction of emotional distress unless there is a causal nexus between his alleged distress and a physical injury. *Nelson v. WEB Water Dev. Ass'n, Inc.*, 507 N.W.2d 691, 699 (S.D.1993). The South Dakota Supreme Court has explained that the "physical consequences" requirement is based on at least three concerns which foster judicial caution and doctrinal limitations on the tort of negligent infliction of emotional distress:

> (1) the problem of permitting legal redress for harm that is often temporary and relatively trivial; (2) the danger that claims of mental harm will be falsified or imagined; and (3) the perceived unfairness of imposing heavy and disproportionate financial burdens on a defendant who was only negligent, for consequences which appear remote from the "wrongful" act.

*Wright v. Coca Cola Bottling Co.*, 414 N.W.2d 608, 610 (S.D.1987) (quoting Prosser & Keeton on the Law of Torts, § 54 at 360 (5th ed.1988)); *see also, Brown v. Youth Services Intern. of South*

5

*Dakota*, 89 F.Supp.2d 1095, 1104 (D.S.D. 2000).

In her deposition of March 7, 2008, Plaintiff was specifically questioned as to any health issues and responded by listing only endometriosis, a cyst, a slipped disc and nerve damage caused by a laparoscopy that was performed in the fall of 2007. When asked at the deposition about her emotional health, Plaintiff stated she had mood swings from the shots she had been taking for the past six months to treat the endometriosis. She also attributed sleep problems only to the effects of the laparoscopy. Plaintiff testified that prior to taking the shots she had only one emotional incident and she attributed that incident to the arrest for a DUI. Subsequently, Plaintiff submitted an affidavit in resistance to the motion for partial summary judgment which states:

> Affiant has suffered great distress over the wrongful actions of State Farm in denying her claim, attempting to void her policy, and accusing her of lying. This has resulted in a chronic loss of sleep leading to continuous fatigue and exhaustion and susceptible (sic) to crying. She has been ill with flue and cold symptoms for significant periods of time for and account of the worry caused by the wrongful actions of State Farm and its agents.

"If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own earlier testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir.1983). There was no confusion in Plaintiff's deposition testimony regarding emotional distress and physical ailments. The deposition testimony cannot be reconciled with Plaintiff's affidavit and a genuine issue of material fact has not been created on the physical consequences requirement of the negligent infliction of emotional distress claim. State Farm is thus entitled to summary judgment on this claim.

III.

### WHETHER STATE FARM IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FIFTH CAUSE OF ACTION FOR EXEMPLARY DAMAGES?

In Count Five Plaintiff has requested exemplary damages claiming that Plaintiff's actions were "fraudulent, oppressive, malicious, wanton and in total reckless disregard of the rights of Plaintiff." Plaintiff has also requested attorney fees pursuant to S.D.C.L. § 58-12-3 claiming the refusal to pay her claim was vexatious and without reasonable cause. For the reasons stated in the preceding

discussion and at the motions hearing in this case, State Farm's denial of the claim was not vexatious or without reasonable cause. In addition, punitive damages are only allowable in an action for the breach of an obligation not arising from contract and in cases where the defendant has been guilty of oppression, fraud, or malice. *See* S.D.C.L. § 21-3-2. Plaintiff's only remaining cause of action is in contract since there is no tort cause of action evidencing oppression, fraud, or malice which has survived summary judgment. For these reasons, State Farm's motion for summary judgment regarding Count Five is also granted. Accordingly,

IT IS ORDERED:

1. That State Farm's Motion for Partial Summary Judgment (Doc. 33) is granted with regard to Counts Two through Five;

2. That Plaintiff's Motion to Defer Ruling on Motion for Partial Summary Judgment (Doc. 44) is denied as moot ; and

3. That Plaintiff's Motion Regarding S.D.C.L. § 21-1-4.1 is denied based on the denial of the claim for punitive damages.

Dated this 13th day of November, 2008.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)  DEPUTY