

FILED
DEC 12 2008
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MELISSA VOSS, | \* | CIV. 07-4143 |
| | \* | MEMORANDUM OPINION AND |
| Plaintiff, | \* | ORDER RE: DEFENDANT'S |
| | \* | MOTION TO PROHIBIT |
| | \* | INSPECTION OR LIMIT |
| vs. | \* | EXPERT TESTIMONY |
| | \* | |
| STATE FARM FIRE AND CASUALTY | \* | |
| COMPANY, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to Rule 26(2)(C) of the Federal Rules of Civil Procedure, Defendant State Farm Fire and Casualty Company has moved the Court for an order prohibiting Plaintiff from allowing her expert to conduct an inspection of the fire site involved in this litigation or, in the alternative, to prohibit Plaintiff's expert witnesses from using any information obtained from such an inspection to either formulate a new opinion or supplement opinions already expressed. Doc. 78. Plaintiff had commenced an independent action in *Voss v. Steinmetz*, Civ. 08-4173, and had acknowledged the action was commenced to avoid the scheduling order regarding discovery in the case at hand. This Court has dismissed the action in *Voss v. Steinmetz*, Civ. 08-4173, for lack of subject matter jurisdiction. *See Reilly Tar & Chemical Corp. v. Burlington N. R.R. Co.*, 589 F.Supp. 275 (D. Minn. 1984)(Although former version of Rule 34 explicitly stated that Rule 34 did not preclude an independent action for permission to enter land, the Rule did not authorize a court to order discovery of nonparty land when there was otherwise no basis for federal jurisdiction).

Counsel for Plaintiff has represented that he does not wish to proceed under FED. R. CIV. P. 34 ( c) and 45 (a)(1)(A)(iii) to seek permission to enter the Steinmetz land. Even if Plaintiff were to change her position on this matter this Court would decline permission for a number of reasons. The landowners have advised that they do not want permission granted to access their land, and Plaintiff has not refuted the landowners' allegation that Dan Carlson has previously been in the house in issue and had the opportunity to inspect the amount of debris let by the fire. It appears from the pleadings

that Dan Carlson has authored an expert witness report although is expert report has not been filed in this action.[1] It appears doubtful that Plaintiff's expert would be able to gather more useful information if access were allowed since Plaintiff concedes that the Steinmetz house "is and has been wide open to the public, with doors and windows open" since the time of the fire. In addition, this Court at the pretrial conference has previously declined to extend discovery. Plaintiff did not then and has not now presented sufficient justification to extend discovery beyond the deadline.

Although the Court is not allowing Plaintiff's expert permission to further inspect the property in issue, the Court will allow Plaintiff's expert to amend his expert report to further address the issue concerning the amount of fire debris if Plaintiff so desires and if the amendment is filed within 20 days of the date of this Order. The July 30, 2008, report of Defendant's expert presents a greater focus on this matter than what was presented in the January 12, 2007, letter opinion. Since the trial of this case is scheduled for May 19, 2008, Defendant will have an adequate opportunity to address the amended report.

IT IS SO ORDERED.

Dated this 12th day of December, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

---

[1] At the end of the September 29, 2008, pretrial conference counsel for Defendant requested that Plaintiff file an Expert Witness Disclosure. Although counsel for Plaintiff advised that one would be filed, there is no Plaintiff's Expert Witness Disclosure on filed as of this date.