

FILED
MAY 1 2 2009

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MELISSA VOSS, | \* | CIV. 07-4143 |
| | \* | MEMORANDUM OPINION AND |
| Plaintiff, | \* | ORDER RE: PLAINTIFF'S OBJECTION |
| | \* | TO TESTIMONY REGARDING |
| | \* | REASONS FOR DENIAL OF CLAIM |
| vs. | \* | |
| | \* | |
| STATE FARM FIRE AND CASUALTY | \* | |
| COMPANY, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In her Objections to Defendant State Farm's List of Witnesses and Testimony Abstracts, Plaintiff Melissa Voss objects to any testimony by witnesses for Defendant State Farm regarding reasons for the denial of Plaintiff's claim other than the reasons as stated in the letter of denial sent by State Farm and dated March 28, 2007. Plaintiff specifically objects to any reference to Melissa Voss being responsible for the fire that is the focus of her claim with State Farm.

The denial letter sets forth the basis for the denial of the claim as follows:1. There being evidence that the property claimed on the Proof of Loss was not damaged by the fire and that certain items were found in a vehicle purchased post-fire; 2. There being evidence that the property claimed on the Proof of Loss had been removed from the home after the fire; 3. There being evidence at the fire scene, specifically the fire debris, that would not support the quantity of property that was claimed by Plaintiff in her Proof of Loss and in her testimony under oath; and 4. There being evidence that certain property claimed on the Proof of Loss was pawned at Mitchell pawn shops shortly before the fire. State Farm referenced the above allegations as violations of the Concealment or Fraud provision of Plaintiff's policy. This provision states: "This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." At the conclusion of the March 28, 2007 letter of denial State Farm stated that it expressly reserved all of its rights and defenses.

In its June 16, 2008 Response to Plaintiff's requests for admissions, State Farm admitted Plaintiff's Request No. 8: "Admit that no part of Defendant's denial of Plaintiff's claim relies on Plaintiff being in any way responsible for the fire which is the subject matter of this action." State Farm

contends that in December of 2006, State Farm obtained information suggesting Plaintiff may have been responsible for setting the August 28, 2006 fire in issue. State Farm maintains since it was this information that further spurred State Farm's investigation into the veracity of Plaintiff's loss as claimed in the personal property inventory, the jury must be presented with all the facts and circumstances surrounding State Farm's investigation of Plaintiff's claim to determine whether Plaintiff represented or concealed material facts. The Court rejects this position. In addition, the Court is not bound by the statement in the Magistrate's Order Denying Plaintiff's Request for Judicial Notice in which the magistrate Judge opines that the cause of the fire is a contested issued for the jury to decide. Doc. 68.

The South Dakota Supreme Court has acknowledged that in general, where a liability insurer notifies an insured of the denial of coverage on a specific basis, the insurer may be estopped from alleging additional bases for noncoverage at a later time. *See National Sun Industries, Inc v. South Dakota Bureau Ins. Co.*, 596 N.W.2d 45, 47-48 (S.D. 1999). This Court finds the application of this principle particularly appropriate in the case at hand where the insurer has formally admitted that no part of its denial of the Plaintiff's claim is based on the insured's responsibility for the fire. In addition, the Court finds that any probative value of evidence regarding the cause of the fire would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time, and such evidence would also be inadmissible on these grounds. See FED. R. EVID. 403. Accordingly,

**IT IS ORDERED** that Plaintiff's objection to any testimony referencing Melissa Voss being responsible for the fire that is the focus of her claim with State Farm is granted.

Dated this 12th day of May, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
(SEAL)    DEPUTY

2