UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MELISSA VOSS, | \* | CIV. 07-4143 |
| | \* | MEMORANDUM OPINION AND |
| Plaintiff, | \* | ORDER RE: MOTION TO STRIKE |
| | \* | AND EXCLUDE TESTIMONY OF |
| | \* | BRENDA OLESON |
| vs. | \* | |
| | \* | |
| STATE FARM FIRE AND CASUALTY | \* | |
| COMPANY, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED MAY 1 2 2009

Defendant State Farm Fire and Casualty Company (State Farm), has moved to strike and exclude any testimony and opinions of Brenda Olesen at the trial of this matter pursuant to Federal Rule of Civil Procedure 37( c)[1] because Plaintiff failed to disclose Brenda Olesen as an expert witness as required by Federal Rule 26(a) within the time required by the Court's Fourth Amended Scheduling Order. Doc. 99. State Farm also raised an objection to Brenda Oleson's testimony in it Objections to Plaintiff's Witness List. Doc. 92.

---

[1] Federal Rule of Civil Procedure 37( c) provides:
If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Plaintiff has filed a Reply to Sate Farm's Objection to Brenda Oleson testifying at the upcoming trial. Doc. 97. Plaintiff concedes that through inadvertence, Brenda Olesen was not disclosed to State Farm through Rule 26 disclosure or other formal disclosure. Plaintiff contends, however, that State Farm was and has been aware of Brenda Olesen's anticipated testimony since Plaintiff submitted her proof of loss. In support of her contention Plaintiff has submitted Plaintiff's letter of transmittal of her proof of loss dated December 29, 2006, the proof of loss with Brenda Oleson's comments, and a signed statement of Brenda Oleson which were sent to Stacy Niemann of State Farm and State Farm's attorney, Jack Theeler. Plaintiff has also submitted portions of Plaintiff's deposition transcript in which Plaintiff outlines Brenda Oleson's role in the valuation of certain items which are a part of Plaintiff's alleged loss.

Federal Rule of Civil Procedure 37( c) permits a court to exclude undisclosed testimony "unless the failure was substantially justified or is harmless." State Farm cites to *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004 (8th Cir.1998), and *Citizens Bank of Batesville Ark. v. Ford Motor Co.*,16 F.3d 965, 966 (8th Cir.1994), in support of its position that exclusion is the proper sanction for the undisclosed testimony of Brenda Olesen. In *Citizens Bank*, the Eighth Circuit affirmed the district court which allowed the testimony of five witnesses who had not been included in the defendant's pre-trial witness list nor discussed at the pre-trial conference. The Eighth Circuit in concluding that the trial court had not abused its discretionary listed the following factors that courts consider when determining whether to exclude witnesses not made known in compliance with a pretrial order: "(1) the reason the party fails to name the witness; (2) the importance of the testimony; (3) the amount of time the opposing party needs to properly prepare for the testimony; and (4) whether a continuance would in some way be useful." *Citizens Bank*, 16 F.3d 966 (quoting *Boone v. Moore*, 980 F.2d 539, 541-42 (8th Cir.1992)).

In *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004 (8th Cir.1998), a products liability case, the trial court was affirmed after not considering a plaintiff's expert witness report that was not disclosed until 60 days after the expert discovery deadline had passed and which was first presented to the trial court at the hearing on the defendant's motion for summary judgment. The Eighth Circuit in *Trost* observed that the defendant had prepared its summary judgment motion based in part on the lack of an expert opinion to support the plaintiff's claims.

In the case at hand, after considering the applicable law and the proposed testimony in the

context of the nature of this case and in consideration of the information that has been provided to State Farm, the Court finds that the failure to formally disclose Brenda Oleson as a witness is harmless and her testimony will be allowed. Oleson's proposed testimony and her opinion report which was provided to State Farm focuses on the value of the alleged loss of certain items. The existence and extent of the loss, as opposed to the value of certain items, is the focus of the case at hand. To prevent any possible prejudice to State Farm, the Court is allowing State Farm to depose Brenda Oleson prior to trial. Accordingly,

**IT IS ORDERED** that State Farm's Motion to Strike and objection with regard to the testimony of witness Brenda Oleson is denied.

Dated this 12th day of May, 2009.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)    DEPUTY